**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elkino Dawkins, Sr, | No. CV-24-00237-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, | |
| Defendant. | |

Before the Court is Plaintiff Elkino Dawkins's complaint and application to proceed in forma pauperis. The application will be granted. Because Plaintiff is proceeding in forma pauperis, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B). The statute requires the Court to dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* As discussed below, Plaintiff's complaint fails to state a claim to relief. It also fails to allege facts showing that the Court has subject matter jurisdiction. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (stating that courts may raise jurisdictional issues sua sponte). As such, the complaint will be dismissed with leave to amend.[1]

First, the complaint fails to state a claim to relief. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---
[1] It is well-established that a magistrate judge can "dismiss a complaint with leave to amend without approval by the [district judge]." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If Plaintiff fails to file a first amended complaint in accordance with this Order, then the undersigned will file a recommendation that this case be dismissed.

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the well-pleaded factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Here, the defendant is the Arizona Department of Economic Security. (Doc. 1 at 2.) Plaintiff's allegations against Defendant, in their entirety, are as follows:

> I'm homeless due to the Department's continual neglect.
> On the record this is my third formal complaint. The Department required a pay verification, but the company that I assist with onloading a load bi-weekly refuse to sign or fill anything in the regards. As a helper I technically don't work there as far as application is concerned. I only assist bi-weekly with a load. The Department harassed the company with calls constantly, upon which it was said verbal verifications should be enough for inquiry. I can't make the representatives comply neither they. (The Food Stamps and the unloading are my only source of income.)

(*Id.* at 4.)

Plaintiff has not plausibly alleged that Defendant engaged in actionable conduct. He does not allege facts showing what Defendant neglected so as to make him homeless. While he mentions food stamps, he does not allege that he was denied food stamps or some other benefit. Furthermore, his grievance appears to be that his employer refuses to provide a written verification. It is not clear how that provides him with a claim against Defendant (especially considering that Defendant has "harassed" the employer seeking that verification). As to the allegations that "it was said verbal verifications should be enough" and that Plaintiff "can't make the representatives comply," it is not clear who made the statement (Defendant or the employer), or which representatives will not comply (Defendant's or the employer's). Simply put, the Court has no idea what this case is about. Therefore, Plaintiff has failed to state a claim to relief against Defendant.

Second, the complaint fails to allege facts showing that the Court has subject matter jurisdiction. "The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926) (citing *Norton v. Larney*,

266 U.S. 511, 515–16 (1925)). In his form complaint, Plaintiff checked the box for federal-question jurisdiction. (Doc. 1 at 3.) In response to a prompt to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote "malpractice." (*Id.*) The Court is not aware of any federal malpractice law that could apply here. Nor does Plaintiff's vague factual statement clearly raise a question of federal law. As such, Plaintiff has failed to invoke the Court's subject matter jurisdiction.

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). Here, the complaint's primary defect is its lack of factual content. Generally, that type of defect can be cured through amendment, so Plaintiff will be given leave to amend.

Plaintiff is advised that "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)). Plaintiff must familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, which are accessible through the Court's website at <https://www.azd.uscourts.gov>. Plaintiff is further advised that the resources available to pro se litigants include *A Handbook for Self-Represented Litigants*, which is accessible through the Court's website, and Step Up to Justice's free clinic for self-represented civil litigants. If Plaintiff wishes to schedule a clinic appointment, he must submit an application at <stepuptojustice.org/apply-for-help>.

* * *

**IT IS ORDERED:**

1. The application to proceed in forma pauperis (Doc. 2) is **granted**.
2. The complaint (Doc. 1) is **dismissed with leave to amend**.
3. Plaintiff must file his first amended complaint on or before **September 9,**

**2024**. If he fails to file an amended pleading by that deadline, the Court will recommend that the presiding district judge dismiss this case without prejudice.

Dated this 8th day of August, 2024.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge